## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION


**CIVIL ACTION NO. 1:19cv635 (WOB)**


**WESLEY LADD**                                                  **PLAINTIFF**

**VS.**                      <u>**MEMORANDUM OPINION AND ORDER**</u>


**JAMIE ROSE KLEMENTS DVM,**
**LLC**                                                  **DEFENDANT**


This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 6), plaintiff's response (Doc. 7), and defendant's reply (Doc. 8).

The Court has reviewed this matter and concludes that oral argument is unnecessary.

### *Factual and Procedural Background*

This case presents somewhat of an unusual fact pattern. Plaintiff is the ex-husband of Jamie Rose Klements, the owner of defendant Jamie Rose Klements DVM, LLC, a veterinary practice.

Plaintiff alleges that he worked for defendant from approximately June 2017 to October 2018, and that he was not paid any wages, regular or overtime, during his employment. (Compl. ¶¶ 11-16).

Plaintiff and Klements were married on October 14, 2017. (Klements Aff. ¶ 4) (Doc. 6-1). Plaintiff ceased any involvement

with defendant in October 2018 when Klements filed for divorce. (*Id.* ¶ 5). Plaintiff and Klements were defendant's only regular workers. (*Id.* ¶ 3).

Plaintiff filed this action on August 1, 2019, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01. *et seq.* ("OMFWSA"). (Doc. 1).

In the present motion, defendant argues that this Court lacks subject matter jurisdiction because defendant is not covered under the FLSA and comparable Ohio law due to the "mom and pop" exception. Defendant also asserts that plaintiff has not alleged facts to support invocation of "individual" coverage and, finally, that the Court should decline to exercise its supplemental jurisdiction over plaintiff's state law claims.

### *Analysis*

#### A. <u>Rule 12(b)(1)</u>

The first question before the Court is whether defendant's motion to dismiss properly raises a jurisdictional challenge or, as plaintiff argues, whether the inquiry is a merits-based one, rendering dismissal at the pleading stage inappropriate.

"Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). A Rule 12(b)(1)

2

motion to dismiss for lack of subject matter jurisdiction may involve a "facial" attack or a "factual" attack. *Id.*

A facial attack "questions merely the sufficiency of the pleading," and the Court accepts as true the complaint's factual allegations. *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007).

In a factual attack, however, no presumption of truthfulness applies to the factual allegations, and "the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist." *Id.* (citation omitted). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* Further, "the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Am. Telecom*, 501 F.3d at 537.

"But a district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330 (citation omitted).

The Court finds that defendant's motion properly raises the issue of whether this Court has subject matter jurisdiction and that the Court may thus consider Klements' affidavit in answering that question. (Doc. 6-1).

The Court also concludes that this jurisdictional challenge, while factual, does not implicate the merits of plaintiff's claim. Rather, the question is simply whether defendant is covered by the FLSA so as to bestow federal-question subject matter jurisdiction on this Court.

To this end, defendant has produced an affidavit, as noted above, which provides details of the marriage between plaintiff and Klements and the fact that they were defendant's only regular employees. Plaintiff does not dispute that the Court may consider this affidavit, nor does he dispute the accuracy of the facts alleged therein.

The sole case which plaintiff cites in support of his argument that the Court should not now adjudicate this question is distinguishable on its face. *See Duby v. Shirley May's Place, LLC*, Case No. 16-11443, 2017 WL 1021062, at *3-4 (E.D. Mich. Mar. 16, 2017). There, the court treated the motion to dismiss strictly under Rule 12(b)(6) and declined to consider an affidavit concerning the parties' familial relationship. *Id.* ("As stated above, the Court declines to rely upon any matter outside the pleadings or resolve any questions of fact at this time, and limits the scope of analysis here to Rule 12(b)(6).").

Similarly, cases in which courts decline to determine the applicability of FLSA exemptions at the pleading stage often turn on disputed facts that require discovery. *See, e.g., Casares v.*

*Henry Limousine Ltd.*, No. 09 Civ. 458(NRB), 2009 WL 3398209, at **1-2 (S.D.N.Y. Oct. 21, 2009) (noting that "it is clear that the disputed facts involve matters material to the exemptions asserted by defendants . . ., such that the determination of whether defendants have established that these exemptions apply should await further discovery and briefing on summary judgment").

Here, the Court is faced with a proper Rule 12(b)(1) motion, and the evidence introduced by defendant regarding the applicability of the exemption in question is not disputed. Therefore, the Court will proceed to that analysis.

### B. The "Mom and Pop" Exception to FLSA Coverage

The FLSA's requirements for minimum wage and overtime pay apply, as relevant here, to individuals employed by "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a).

However, the statute exempts from the definition of such enterprise "[a]ny establishment that has as its only regular employees the owner thereof or the parent, spouse, child or other member of the immediate family of such owner."  29 U.S.C. § 203(s)(2).

There is no doubt that this exemption applies to the period when plaintiff and Jamie Klements were married, and plaintiff concedes as much.  (Doc. 7 at 3).  The question then becomes whether the period from May 2017 to October 2017 when the parties

were not married falls under the "mom and pop" exception.    An

interpretive regulation states:

> The term "other member of the immediate family of such owner"
> is considered to include relationships such as brother,
> sister, grandchildren, grandparents, and in-laws but not
> distant relatives from separate households. The 1966
> amendments extended the exception to include family operated
> establishments which only employ persons other than members
> of the immediate family infrequently, irregularly, and
> sporadically.

29 C.F.R. § 779.234.

While this interpretation is not binding on the Court, it may

be given weight. *See Red Lion Broad. Co. v. F.C.C.,* 395 U.S. 367,

382 (1969) (statutory interpretations may be given deference by

courts absent compelling indication that the interpretations are

wrong).

Neither party cites any authority regarding the degree of

familial relationship required by the statute.  Defendant argues

that the explicit preclusion of "distant relatives from separate

household" shows that the legislative intent was to include someone

with close personal connections to the owner, such as a fiancé.

The Court agrees that a legal familial connection seems less

important than the personal connection between the parties,

especially two parties who were engaged to be married.  The Court

thus concludes that a fiancé should be included as a "member of

the immediate family" as set forth in 29 U.S.C. § 203(s)(2).

As a result, defendant's veterinary business is not an "enterprise engaging in commerce" for the purpose of the FLSA, meaning this Court does not have jurisdiction over that claim pursuant to 28 U.S.C. § 1331.

## C. "Individual Coverage"

Plaintiff also alleges that he himself was an employee who "engaged in commerce" so as to fall within "individual" FLSA coverage.[1]  (Compl. ¶ 4).

Individual FLSA coverage attaches for an employee who "is engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a).  However, plaintiff alleges no facts to support his bare legal assertion.  That is, he alleges no facts to state a plausible claim that, as an employee at an Ohio veterinary practice, he was engaged in "commerce" or in "the production of goods for commerce."

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] Individual coverage is not subject to the "mom and pop" exception. *See Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 803 (N.D. Ohio 1996) (holding that individual coverage may apply even when enterprise coverage does not exist).

Because plaintiff alleges not a single fact to support a plausible claim that connects his employment duties with defendant to interstate commerce, the Court concludes that this claim must also be dismissed. *See, e.g., Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp.2d 1373, 1377-78 (S.D. Fla. 2012) (dismissing without prejudice plaintiff's claim for individual FLSA coverage; complaint contained no factual allegations about the nature of plaintiff's work or defendant's business).

D. <u>**State Law Claims**</u>

Because the Court finds that all federal claims herein should be dismissed at this early stage of the proceedings, it will decline to exercise its supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).


Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 6) be, and is hereby, **GRANTED.** Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE.**

This 16th day of December 2019.



**Signed By:**

<u>*William O. Bertelsman*</u>   *WOB*

**United States District Judge**